The next case will be 087135, on the Secretary of Veterans Affairs. May it please the court, on behalf of Mr. Dennis Thun. Mr. Thun appeals the decision of the court below, a question of the interpretation of 38 CFR 31321B1. This regulation involves referrals to the undersecretary for benefits, or the director of compensation and pension services, for consideration of extra-schedular ratings. These are ratings that are not contemplated by a regular rating schedule. The question in this case is whether or not that determination can be, as the court below, as the VA in its argument, or its position in this case, suggests, is a shared responsibility. Mr. Thun believes that it cannot be a shared responsibility based upon the plain language of the regulation, that the regulation lays out specific criteria that are to be decided by the two designated decision makers, and that the only responsibility for the regional office, or as is referred to in the regulation, the field station, is to submit such a request to these individuals for a decision. There is no basis in the plain language to suggest, as the interpretation is made by the Veterans Court, that the three-step inquiry that is contemplated by the regulation is the responsibility which should be shared amongst the VA, or in this case, the board, as well as the ultimate decision makers. But the key sentence in this regulation says clearly that the field station is going to submit- That's correct. something that has been approved. Wouldn't they have gone through the whole process to both submit and approve? Well, that's the problem that we have with this regulation, Your Honor, is that there is no description as to what constitutes an approval, what goes into an approval process. There's no description of how the field station is supposed to approve this. It is simply said that upon approval, there shall be a submission. There is no criteria for what that submission is. The regulation clearly sets out what the criteria is for the ultimate determination, and that, we believe, is the ultimate dispositive question in this case, that there is only one decision to be made here, and that decision is to be made by either the Undersecretary for Benefits or the Director of Compensation and Pension Services. So you can have an extra scheduler rating that may be submitted. The fact that it's discretionary to be submitted at all suggests that it would have had to have been performed before, right? Fully. I don't think so, Your Honor, because what we- You're saying they don't perform at all? No. No. What I'm suggesting is that that is not the dispositive question here. Clearly, they have to go through some process. That process, however, is not laid out in the regulation, and it's not laid out in their manual provision, except to infringe upon the ultimate criteria for determination of whether or not there should be an extra scheduler award. And that is the overlap here in which they have mixed the responsibility, and there is no mixing of that responsibility in the plain language of the regulation. The regulation puts the burden for making a determination that the scheduler rating is inadequate on one of two individuals. The approval of the submission process is not discussed in the manual. There is no discussion in the regulation as to what that should be. What is discussed in the regulation is what those ultimate decision-makers should be looking at, and that is the decision that Mr. Thun should have been entitled to have a review of. Based upon the decision below, Mr. Thun was denied the opportunity to have that review and was reviewed strictly on the question of whether or not the decision made by the VA or ultimately by the board was the appropriate decision for the referral. The referral is not what is at issue in this regulation. What is at issue in this regulation is entitlement to something that is not available under the regular rating schedule. And therefore, you go to an extra scheduler rating criteria, which is within the purview of only two delegates from the secretary under this regulation. I'm sorry. No, no. I'm struggling with this. What is the mechanism by which those two delegates have their attention called to the particular case? Is it the field station, in your view, that sends the case to those two individuals? And if so, what is the filter that the field station exercises in deciding whether to send some cases on and others not? Well, that's the problem in this case. There is no guidance. There is no guidance anywhere. Well, what do you think we should say with respect to what ought to happen, given the regulation as it stands? I think the regulation as it stands should be interpreted to allow a request by a claimant to be granted such a submission. In all cases in which a request is made? Unless that request is completely unreasonable. I don't know if it's unreasonable or not without performing the analysis for extra schedulality at all. Well, there has to be some plausibility determination. There has to be some… And in doing that, they're going to apply the criteria, right? Well, that's the question. I do not believe that they should be applying… That's what the Veterans Court found. And I don't believe that there's anything in the regulation that supports that. The only thing that is required is a submission, and the real question here… …is that the conclusion of the process can request an extra scheduler approval, and automatically every case is going to have to go through the Secretary? I think that's an unfair burden to place on Mr. Thompson. This is the VA's regulation… …of the Veterans Court. You'd like to overturn that and say every single veteran that requests it gets an additional level of approval? No, I'm saying Mr. Thun requested it, and there is no basis in this record to have denied it. The court said that it was okay for the VA to deny it by having made a preliminary determination that the ultimate decision-makers would not decide this favorably. I'm saying that that is ultra-virus. That is exceeding the authority that is delegated to them by the Secretary under the regulation. This is clearly a very ambiguous regulation in relationship to what it is the individual at the field station is supposed to do. What are they approving? But that's not what's at issue here. In this case, Mr. Thun made a specific request. He asked the field station to make the submission. That submission was refused. That's what was appealed. The question is, what is their basis for denial, and is that a legitimate basis under this regulation? The court below said it was because they got to make a predetermination determination. I'm suggesting that there isn't any way to make that interpretation hold up based upon the plain language of this regulation, and any ambiguity should be resolved in favor of the veteran, because what's at ultimate issue here is whether or not these facts get a decision on the merits. These facts, as Mr. Thun presented them to the regional office, have not been reviewed on the merits by either the board or by the reviewing court. There was an interim decision, and that interim decision-making is not appropriate under this regulation. What the regulation contemplates is a submission. I agree with you there are real problems with this regulation in terms of practical application, but Mr. Thun is supposed to be dealing with a non-adversarial system, which is to help him get the maximum benefit available under law. He was not facilitated to that process. He was cut off in that process, and the court below allowed the board to prevent him from getting a decision on the merits. He simply wants one decision that is subject to review by first the board and then by the veterans court on the merits of the decision made that is called for under this regulation by one of two decision-makers, either the undersecretary or the director of compensation and pension services. Yes? Help me with something. There was an allusion to this in briefs, and I just want to make sure I understand each party's position with respect to this. Assume for a moment that – assume the current system in which the field station, the regional office, says we're not passing this request on. Is that an issue that can be appealed to the BDA? Yes, it is, and that's precisely what happened here. And the veterans court. And the veterans court. So there's two levels of review. Of a decision that is not contemplated by the regulation. The decision that's contemplated by the regulation is you are entitled to extra scheduler or you are not entitled to extra scheduler. Not if you're entitled to a decision or not, and that's the decision that was made by the field station and ultimately by the board. Okay. I think you may have lost me on that last discussion. So going back, when the board looks at such an appeal, does the board decide – if the board concludes that the facts overwhelmingly show that he was entitled to an extra scheduler rating, the board can settle, correct? Or does the board then send it back? No. They only make the referral, Your Honor. They make the referral. They make the referral. And that's the short circuit here, is we're creating two decision-making processes out of a regulation that contemplates only one. Okay. Thank you very much. May I please report? The Veterans Court correctly determined that either the RO or board decides in the first instance whether the schedulable evaluation is enough, but before referring to the undersecretary or the director for compensation and detention. That reading is supported by the claim language of 3.321. Alternatively, the court would find the claim language to be ambiguous, and it's supported by VA's interpretation of that regulation. In response to the last question, Mr. Carpenter said, no, the board cannot make a ruling on extra scheduler cases. All they can do is refer them on. We don't disagree with that, Your Honor. The ultimate decision on whether a claimant gets an extra scheduler rating or does not get an extra scheduler rating, according to the regulation, has to be made by the C&P director or the undersecretary. The issue here is what are the criteria for the board or the RO to first refer a decision to the undersecretary or the C&P director to make the ultimate determination? And the claim language of the regulation says that the RO or the board needs to make some sort of initial determination before doing a referral. The regulation is clear that it applies only in exceptional cases, meaning that only certain cases are meant to be referred in the first place. Again, the language that was discussed earlier, upon field station submission, the director or the undersecretary is authorized to approve. Both of those phrases indicate that there's some decision making on the part of the RO or board. What are they referring on? A decision they have made that it is entitled to extra schedule status or just a request that it be looked at? It's a request that it be looked at as well as a recommendation under the VA manual as to whether extra scheduler evaluations should be granted or not. So the determination first is whether the schedule rating is inadequate, comparing the symptoms of the claimant to the symptoms that are in the rating schedule and first determining whether that's inadequate. The second step is then looking at the later part of the regulation, which talks about market interference with employment and periods of hospitalization as well as similar factors. Those are the two things that the RO or board will look at and determine whether a referral is warranted. But if an RO arbitrarily denies extra schedule treatment, the board can, in effect, reverse that? Yes, the board can. A decision by the RO not to refer is appealable to the board. If the board decides that referral is appropriate, then the board can go ahead and refer directly to the undersecretary or the compensation and pension director. If the board agrees with the RO that referral is not warranted, there is another level of appeal to the veterans court. So the way the system is set up does not deprive the claimant of any level of review because there isn't an opportunity to go as far as the veterans court to determine whether a referral is appropriate or not. If it's referred to the undersecretary and they disagree with it, then that was a view of the board. That's correct. That would also be appealable to the board. The undersecretary would, say, deny extra schedule of consideration. That would go to the board under the board's jurisdiction under 71 on 4 to consider one appeal of any decision by the secretary. A decision by the undersecretary would be a decision made by the secretary delegated. So that would be appealable to the board and, again, to the veterans court if the board were to agree on an extra schedule of evaluation. Do you happen to know about what percentage of cases are granted extra schedule or ratings? Are granted ratings? Yeah. Well, I'll ask a couple of questions. Number one, what percentage? This may not be in the record. You may not know or maybe it may not be in the record. I don't know. But I'm trying to get a feel for whether this is something that happens once every three years or whether it happens in 20% of cases, that something is referred by the field station, A, and B, where an extra schedule of rating is in fact granted. That information is not in the record, Your Honor. I believe it's a public record, though, and in the past year there were about 119 cases that were referred. I'm not sure how many disability compensation claims were made during the past year. I assume it's in the thousands. So a small percentage, but not zero, not one every three years. The interpretation that Mr. Thumb arises would necessarily lead to unreasonable results in that all cases would have to be referred to the director or to the undersecretary. Those are two individuals within the VA who are high-ranking individuals and cannot consider every single application. That's why there is a screening process by the RO and the board, which normally make the ratings criteria due each other in their rating to refer when there is a need for an extra schedule of rating or a potential need for an extra schedule of rating. Would the RO refer a denial? Would the undersecretary only approve or recommend approvals? Only a recommendation where the RO or board would recommend approving. If the RO or board, based on the criteria in the schedule and looking at the market interference with employment and hospitalization, believes that an extra schedule of rating is not warranted, then that would be no referral. So only cases in which the RO or board believes that an extra schedule of rating is warranted, those would be referred under the plain language of the statute for approval to the undersecretary or the compensation administrator. For these reasons, we request that this court confirm the matters. Thank you. Isn't she right that this would amount to every case on the veteran's request going to the undersecretary? Until such time as the VA drafted appropriate regulations. The VA has the opportunity to write into their regulation what was just said that they have a screening process. Now, this is supposed to be a process that is veteran-friendly, but this screening process is completely withheld from the veteran. There is no regulation that describes it. There is no manual provision that describes it. And what you just heard from the government is that the VA makes the decision on the request for an extra schedule and then sends it on for approval. But that's not what the regulation contemplates. The regulation contemplates in exceptional cases that the undersecretary or the director of compensation and pension services will make that decision. Now, whatever type of screening system the secretary wants to impose, the secretary is free to impose by regulation. What they cannot do is what they're doing. It's doing it on an ad hoc basis without any disclosure or any authority in the regulation for what their criteria is for submission. And as a result, you end up having the veteran have to fight two decisions rather than simply one decision. And all that's contemplated under this regulation, and in this particular case, it was Mr. Thun who requested it, the VA who refused the request, and that refusal was affirmed by the board. Is that appropriate under this regulation? And I think the answer has to be no. Thank you very much. I was just waiting for a question. Well, I have just one question. I think I know the answer to this, but just to clear my mind. The difference, I take it, in light of the two procedures that are available here, you, by the board, are a direct submission to either the undersecretary or the director. The difference is, under the first, which is the status quo now, it's the board that is looking at the decision not to accept this, not to affirm it. Correct. And I take it that you view that as a more adverse standard to the veteran than having the director or the undersecretary make the decision in the first instance? Yes, Your Honor. Essentially, it creates an adversarial process in which this screening process becomes a VA internal decision behind closed doors in which he simply gets the result. He doesn't get ahead of time. What would the VCA notification be on this? How would they explain what it is they were going to do? What they have to do is to say, we're going to review under the exact same criteria as the director and the undersecretary. But that's all that's called for here is a decision under that criteria by the director or the undersecretary. Thank you very much, Your Honor.